United States District Court
for the
Eastern District of New York

| | |
|---|---|
| US BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2012-5T<br><br>Plaintiff<br><br>v.<br><br>LALBUCHAN AUTAR AKA LALBACHAN AUTAR, TARAMATTIE AUTAR, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>Defendant(s) | Civil Action No. 17-CV-396<br><br>COMPLAINT |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 89-73 211TH STREET, QUEENS VILLAGE, New York 11427, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

PARTIES

2. Plaintiff is a national association with its principal place of business at 300 East Delaware Avenue, 8th Floor, Wilmington, DE 19809. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original note.

3. U.S. Bank N.A. is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2012-5T and to prosecute legal actions on behalf of the RMAC Trust, Series 2012-5T, including this mortgage foreclosure action. U.S. Bank N.A. has legal title to and manages the assets of the RMAC Trust, Series 2012-5T, and controls the litigation on behalf of the RMAC Trust, Series 2012-5T.

4. Defendant Lalbuchan Autar AKA Lalbachan Autar is a citizen of New York, and the owner of the Property.

5. Defendant Taramattie Autar is a citizen of New York, and the owner of the Property.

6. Defendant Criminal Court of the City of New York is a city department existing under the laws of New York with its principal place of business in 100 Centre Street, New York, New York 10013, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7. Defendant New York City Parking Violations Bureau is a city department existing under the laws of New York with its principal place of business in 100 Church Street, New York, New York 10007, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

8. Defendant New York City Environmental Control Board is a city department existing under the laws of New York with its principal place of business in 100 Church Street, New York, New York 10007, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

9. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

10. The interest or lien of any governmental entity is attached as Schedule D.

STATEMENT OF JURISDICTION

11. Federal subject matter jurisdiction exists pursuant to 28 USC Section 1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

VENUE

12. Venue is proper pursuant to 28 USC Section 1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

FACTUAL BACKGROUND

13. On or about May 24, 2007, Lalbuchan Autar AKA Lalbachan Autar and Taramattie Autar executed and delivered a Note whereby Lalbuchan Autar AKA Lalbachan Autar and Taramattie Autar promised to pay the sum of $495,000.00 plus interest on the unpaid

amount due.

14. As security for the payment of the Note Lalbuchan Autar AKA Lalbachan Autar and Taramattie Autar duly executed and delivered a Mortgage, in the amount of $495,000.00 which was recorded as follows.
Recording Date: June 12, 2007
CRFN 2007000302843
City Register of the City of New York, Queens County

15. The Mortgage was subsequently assigned to The Bank of New York Mellon Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust.

16. The Mortgage was subsequently assigned to U.S. Bank, National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2012-5T.

17. Lalbuchan Autar AKA Lalbachan Autar and Taramattie Autar failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on December 1, 2014 and subsequent payments.

18. There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $403,111.92
Interest Rate: 5.125%
Date Interest Accrues from: November 1, 2014

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

19. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

20. Plaintiff complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

21. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS:**

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 1;
c. The interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Lalbuchan Autar AKA Lalbachan Autar and Taramattie Autar, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise unco.llectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: December 12, 2016
Westbury, New York

By: _____
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## Schedule A

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

## Note Endorsements

Borrower(s): Lalbuchan Autar & Taramattie Autar
Property Address: 89-73 211th Street, Queens Village, NY 11427

---

Without Recourse, Pay to the Order of:

THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST

EquiFirst Corporation
By: *Lisa M Savoy* (signature)
Paul ~~Gilroy~~ Lisa Savoy
Assistant Vice President

0410288765
EF5nendr (12/05)

Page 1 of 1

Borrower Name: LALBACHAN AUTAR & TARAMATTIE AUTAR
Property Address: 8973 211TH STREET, JAMAICA, NY 11427
Loan: 410288765
Note Date: **5/30/2007**
Note Amount: $495,000

# ALLONGE TO NOTE

## PAY TO THE ORDER OF:

US Bank, National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust, Series 2012-5T

without recourse

### By:

Statebridge Company, LLC, as Attorney-in-Fact for The Bank of New York Mellon Trust Company, National Association, as grantor trustee of the Protium Master Grantor Trust

By: _____

(Name, Title): David McDonnell, Managing Director

Borrower Name: LALBACHAN AUTAR & TARAMATTIE AUTAR
Property Address: 8973 211TH STREET, JAMAICA, NY 11427
Loan: 410288765
Note Date: **5/30/2007**
Note Amount: $495,000

# ALLONGE TO NOTE

## PAY TO THE ORDER OF:

US Bank, National Association, not in its
individual capacity, but solely as Trustee for the
RMAC Trust, Series  2012 - 5T

without recourse

## By:

**Statebridge Company, LLC, as Attorney-in-Fact for The Bank of New York Mellon Trust Company, National Association, as grantor trustee of the Protium Master Grantor Trust**

By: _____

**(Name, Title):**   David McDonnell, Managing Director

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

MIN 100200104102887656

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM AND MINIMUM RATE I MUST PAY.

May 24, 2007          Queens Village          NY
(Date)                (City)                  (State)

89-73 211th Street, Queens Village, NY 11427
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **495,000.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **EquiFirst Corporation**. I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **9.300** %. The interest rate I will pay may change in accordance with Section 4 of the Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the **1st** day of each month beginning on **July 1, 2007**

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If on **June 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
**HomEq Servicing, P.O. Box 79230, City of Industry, CA 91716.**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ **3,873.97**.
This amount may change. With a final payment due of $ **457,188.05** due on **June 1, 2037.**

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

Multistate Adjustable Rate Note-Libor Index
EF815N (2/00)   (New York Version)
Loan Number 0410288765          Page 1 of 4          Initials /dA/ TA

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on **June 1, 2009**, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **6.940** percentage points ( **6.940** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **12.300%** or less than **9.300 %**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **15.300%** or less than the initial interest rate provided for in Section 2 of this Note.

### (E) Effective Date of Change

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial payment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.00 % of my overdue payment of principal and interest. I will pay this late charge but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

EF815NY
Loan Number: 0410288765      Page 3 of 4      Initials _____

TA

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

"WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED"

| _(signature)_ | (Seal) | _(signature)_ | (Seal) |
|---|---|---|---|
| Lalbuchan Autar | -Borrower | Taramattie Autar | -Borrower |
| | (Seal) | | (Seal) |
| | -Borrower | | -Borrower |
| | (Seal) | | (Seal) |
| | -Borrower | | -Borrower |

EF815N (11/06)
Loan Number 0410288765

Page 4 of 4

# ADJUSTABLE INTEREST RATE FLOOR Addendum to Note

This ADJUSTABLE INTEREST RATE FLOOR ADDENDUM is made this **24th** day of **May, 2007**, and amends the Note in the amount of U.S. $ **495,000.00** dated the same date and given by the person(s) who signs below (the "Borrower(s)") to **EquiFirst Corporation** (the "Lender").

In addition to the agreements and provisions made in the Note and the Security Instrument, and not withstanding any provisions to the contrary contained in said Note or the Security Instrument, both the Borrower(s) and the Lender further agree as follows:

## ADJUSTABLE INTEREST RATE FLOOR

THIS LOAN HAS AN INTEREST RATE "FLOOR" WHICH WILL LIMIT THE AMOUNT THE INTEREST RATE CAN DECREASE. REGARDLESS OF ANY CHANGES IN THE INDEX, THE INTEREST RATE DURING THE TERM OF THIS LOAN WILL NEVER BE LESS THAN THE INITIAL INTEREST RATE PROVIDED FOR IN SECTION 2 OF THE NOTE.

_____  _____
Lalbuchan Autar                  Taramattie Autar

_____  _____

_____  _____

0410288765
EF060 (12/99)

## Balloon Payment Addendum to Note

This BALLOON PAYMENT ADDENDUM is made this **24th** day of **May, 2007** and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date and given by the person(s) who sign below (the "Borrower(s) to **EquiFirst Corporation** (the "Lender") to secure repayment of a Note in the amount of U.S. **$ 495,000.00**.

In addition to the agreements and provisions made in the Note and the Security Instrument, both the Borrower(s) and the Lender further agree as follows

1) THE TERM OF THE LOAN IS **30** YEARS. AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPLE BALANCE AND ANY ACCRUED INTEREST THEN OWING 30 YEARS FROM THE DATE ON WHICH THE LOAN IS MADE. THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

   ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

2) **CALCULATION OF MONTHLY PAYMENT AT CHANGE DATE**
   THE SECOND PARAGRAPH OF SECTION 4(C) OF THE NOTE IS HEREBY AMENDED BY DELETING IT IN ITS ENTIRETY AND REPLACING IT WITH THE FOLLOWING: "THE NOTE HOLDER WILL THEN DETERMINE THE AMOUNT OF THE MONTHLY PAYMENT THAT WOULD BE SUFFICIENT TO REPAY THE UNPAID PRINCIPAL BALANCE THAT I AM EXPECTED TO OWE AT THE CHANGE DATE IN FULL OVER THE REMAINING AMORTIZATION PERIOD OF MY LOAN AT MY NEW INTEREST RATE IN SUBSTANTIALLY EQUAL PAYMENTS. THE RESULT OF THIS CALCULATION WILL BE THE NEW AMOUNT OF MONTHLY PAYMENT. I UNDERSTAND THAT THE AMORTIZATION PERIOD OF MY LOAN IS 50 YEARS FROM THE DATE MY FIRST PAYMENT IS DUE AND THAT I WILL HAVE A FINAL BALLOON PAYMENT DUE ON THE MATURITY DATE."

3) AT LEAST NINETY (90), BUT NOT MORE THAN ONE HUNDRED TWENTY (120) DAYS PRIOR TO THE MATURITY DATE, THE LENDER MUST SEND THE BORROWER(S) A NOTICE WHICH STATES THE MATURITY DATE AND THE AMOUNT OF THE "BALLOON PAYMENT" WHICH WILL BE DUE ON THE MATURITY DATE (ASSUMING ALL SCHEDULED PAYMENTS DUE BETWEEN THE DATE OF THE NOTICE AND THE MATURITY DATE ARE MADE ON TIME).

_____  _____
**Lalbuchan Autar**          **Taramattie Autar**

0410288765
EF034NYA (11/06)

## Schedule B - Legal Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of 211st Street, distant 168 feet northerly from the corner formed by the intersection of the easterly side of 211st Street, with the northerly side of 90th Avenue;

RUNNING THENCE northerly along said side of 211st Street, 32 feet;

THENCE easterly parallel with said side of 90th Avenue, 105.84;

THENCE southerly in a straight line, 32.47 feet to a point, distant 111.37 feet easterly from the easterly side of 211st Street, measured along a line drawn parallel with said side of 90th Avenue at the point or place of BEGINNING;

THENCE westerly along said line parallel with said side of 90th Avenue, 111.37 feet to the point or place of BEGINNING.

## **Schedule C-Defendants**

| | |
|---|---|
| Lalbuchan Autar AKA Lalbachan Autar | Borrower |
| Taramattie Autar | Borrower |

## Schedule D – Defendants

| | |
|---|---|
| Criminal Court of the City of New York | Holder of a lien, see attached |
| New York City Parking Violations Bureau | Holder of a lien, see attached |
| New York City Environmental Control Board | Holder of a lien, see attached |

```
Title No: 2024-WTA-16-090573

COUNTY CLERK SEARCH( 11/23/2016 )

Last Name: ( Autar )
First Name: ( Lal )
COUNTY: ( QUEENS )

Run Date: 11/23/2006 To: 11/23/2016
******************************************************************

JUDGMENTS -

Queens County from ( 01/90 to 11/22/16 )

Search Parameters- Last:Autar     First:Lal

All Types Of Liens

Block:        Lot:                      Control No. 001943914-01
Book Type -- Judgments Docket           Index # 2014QN049170    01
Judgment Type: TRANSCRIPT OF JUDGMENT   Effective Date: 12/01/2014
Court: Criminal Court                   Expiration Date: 12/03/2034
Satisfaction: Full-10/05/2015
                                        Docket Date:12/03/2014
                                        Date Received:10/08/2015

Debtor Info:
AUTAR, LALBACHAN
89-73   211 STREET
QUEENS

Creditor Info:
CRIMINAL COURT OF THE CITY OF NEW YORK
125-    01 QUEENS BLVD
QUEENS                  11415-

Attorney:
DISTRICT ATTORNEY OF QUEENS    COUNTY
125-01 QUEENS BLVD
QUEENS                  11415-

Amount: $120.00
------------------------------------------------------------------
END RETURNS
******************************************************************

PVB - (Parking Violations Bureau - Ending Date 10/28/16)

Search Parameters- Last:Autar     First:Lal

AUTAR LALBACHAN
8973 211TH ST
QUEENS VILLAGE NY 11427
No. of Judgments - 1        Plate No.-GFL2166

Amt: $101.00       Interest: $13.42
------------------------------------------------------------------
AUTAR LALBACHAN
8973 211TH ST
QUEENS VILLAGE NY 11427
No. of Judgments - 1        Plate No.-GRD2972

Amt: $46.00        Interest: $7.91
------------------------------------------------------------------
END RETURNS
******************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 10/31/16)

Search Parameters- Last:Autar     First:Lal

LALBACHAN AUTAR
89-73 211 STREET
QUEENS VILLAGE, NY 11427
ECB Violation No.: 34946220K       Date-11/12
```

Case 1:17-cv-00396-WFK-VMS   Document 1   Filed 01/25/17   Page 19 of 20 PageID #: 19

```
Amt: $1,200.00
-----------------------------------------------------------------
LALBACHAN AUTAR
89-73 211 STREET
QNS, NY 11427
ECB Violation No.: 34957720K      Date-09/12

Amt: $24,000.00
-----------------------------------------------------------------
END RETURNS
*****************************************************************

Uniform Commercial Code from ( 10/01/1988 - 11/22/16 )

Queens County
Search Parameters- Last:Autar     First:Lal

END RETURNS
*****************************************************************

Federal Tax Liens from ( 01/94 - 11/22/16 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Autar     First:Lal

END RETURNS
*****************************************************************

TAB - (Transit Adjudication Bureau - from 07/14/1998 to 11/18/16)

Search Parameters- Last:Autar     First:Lal

END RETURNS
*****************************************************************
```

```
Last Name: ( Autar )
First Name: ( Tar )
COUNTY: ( QUEENS )

Run Date: 11/23/2006 To: 11/23/2016
*******************************************************************

JUDGMENTS -

Queens County from ( 01/90 to 11/22/16 )

Search Parameters- Last:Autar     First:Tar

All Types Of Liens

END RETURNS
*******************************************************************

PVB - (Parking Violations Bureau - Ending Date 10/28/16)

Search Parameters- Last:Autar     First:Tar

AUTAR TARAMATTIE
8973 211TH ST
QUEENS VILLAGE NY 11427
No. of Judgments - 1         Plate No.-GPW5031

Amt: $60.00      Interest: $10.85
------------------------------------------------------------------
AUTAR TARAMATTIE
8973 211TH ST
QUEENS VILLAGE NY 11427
No. of Judgments - 1         Plate No.-HDD5899

Amt: $175.00     Interest: $.69
------------------------------------------------------------------
END RETURNS
*******************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 10/31/16)

Search Parameters- Last:Autar     First:Tar

END RETURNS
*******************************************************************

Uniform Commercial Code from ( 10/01/1988 - 11/22/16 )

Queens County
Search Parameters- Last:Autar     First:Tar

END RETURNS
*******************************************************************

Federal Tax Liens from ( 01/94 - 11/22/16 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Autar     First:Tar

END RETURNS
*******************************************************************

TAB - (Transit Adjudication Bureau - from 07/14/1998 to 11/18/16)

Search Parameters- Last:Autar     First:Tar

END RETURNS
*******************************************************************
```